RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/23/12
OPB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DAVID V. SIBLEY

DOCKET NO. 1:12-cv-01037

VERSUS

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

U.S. DEPT. OF AGRICULTURE, et al.

REPORT AND RECOMMENDATION

On April 23, 2012, plaintiff, David V. Sibley, filed a one page complaint seeking review of the final judgment rendered in a Louisiana state court lawsuit. The lawsuit was originally filed in the 10th Judicial District Court (Division B, No. 84.083). An appeal was then taken to the Louisiana Third Circuit Court of Appeal (11-821) which issued its ruling on or about April 19, 2011. Sibley then sought a writ of certiorari from the Louisiana Supreme Court which it denied on or about March 2, 2012. Sibley now asks this court to review and modify or reverse the adverse action taken by the Louisiana courts.

"Federal courts are duty-bound to examine the basis for subject-matter jurisdiction *sua sponte*...." Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004) (citations omitted). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute which is not to be expanded by judicial decree." Kokken v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994) (internal citations omitted).

"The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine[1], that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" <u>Weekly v. Morrow</u>, 204 F.3d 613, 615 (5th Cir. 2000), quoting <u>Liedtke v. State Bar of Texas</u>, 18 F.3d 315, 317 (5th Cir. 1994)(citations omitted). As the instant suit is brought by Sibley who seeks reversal or modification of the judgment which was issued by the Louisiana courts prior to this suit being filed, this case fits squarely within the *Rooker-Feldman* doctrine. Accordingly, this court is without jurisdiction to review this case and it should be dismissed without prejudice. <u>Exxon Mobil Corp. V. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)(The Rooker-Feldman doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court review and rejection of those judgments").

## Conclusion

IT IS RECOMMENDED that the instant lawsuit be DISMISSED

---

[1] The *Rooker-Feldman* doctrine is based upon <u>Rooker v. Fidelity Trust Company</u>, 263 U.S. 413, 415-416 (1923) in which the United States Supreme Court found jurisdiction of federal district courts is strictly original and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983) in which it held federal district courts do not have authority to review state court judgments.

2

WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that if this report and recommendation is adopted, all other outstanding motions be DENIED AS MOOT.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED at Alexandria, Louisiana on this ___ day of May, 2012

JAMES D. KIRK
United States Magistrate Judge